UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**In re:**              )
                        )
    **SABRINA JOHNSON,**    )    Case No. 07-03922-TOM-13
                        )
    **Debtor.**             )
_____

**SABRINA JOHNSON,**    )
                        )
    **Plaintiff**          )
                        )
**v.**                  )    **Adv. Proc. No. 07-00227**
                        )
**AMERICAN EXPRESS,**   )
                        )
    **Defendant.**         )

**MEMORANDUM OPINION**

This adversary proceeding is before the Court following an evidentiary hearing on damages held on February 11, 2008 on the Complaint filed by Sabrina Johnson. Appearing at the hearing was counsel for the Plaintiff, the Plaintiff and Shea Patrick, staff attorney for the Standing Chapter 13 Trustee. The Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b). This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A). This Court has considered the pleadings, the arguments of counsel, the testimony of the Debtor, and the law, and finds and concludes as follows.[1]

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052.

# FINDINGS OF FACT[2]

On August 31, 2007 the Debtor filed for chapter 13 protection. In the Debtor's schedules, the Debtor listed American Express as an unsecured creditor on Schedule F. The Debtor additionally listed Ingram & Associates as an additional notice party for American Express. Both the Defendant and Ingram & Associates were sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*.

Post-petition, on November 1, 2007, the Defendant issued a garnishment to Plaintiff's bank. At the evidentiary hearing, Plaintiff testified that upon receiving the garnishment, her bank froze her account and froze her mother's account, whom the Debtor was a co-signor on.

On November 14, 2007, the Debtor filed this adversary proceeding against the Defendant for violation of the automatic stay. The summons and a copy of the complaint was served on the Defendant, to the attention of Kenneth I. Chenault, the chief executive officer. The summons informed the Defendant that an answer or response was due within 30 days of service of the summons and set a pre-trial hearing for December 17, 2007. The matter was continued to January 7, 2007. At the pre-trial hearing on January 7, 2007, no one appeared on behalf of the Defendant and the deadline to file a response or answer had expired. Counsel for the Debtor notified the Court that he had left a message for counsel for the Defendant but that, as of the hearing, his call was unreturned. The Court continued the pre-trial hearing to January 28, 2008 to see if American Express responded. At the January 28, 2008, no one appeared on behalf of the Defendant and no response was filed. The Debtor filed a motion for default judgment and an

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. See <u>ITT Rayonier, Inc. v. U.S.</u>, 651 F.2d 343 (5th Cir. 1981); <u>Florida v. Charley Toppino & Sons, Inc.</u>, 514 F.2d 700, 704 (5th Cir. 1975).

order in favor of the Debtor and against the Defendant was entered on January 28, 2008, a copy of which was sent to the Defendant. The Court then set an evidentiary hearing for February 11, 2008 to allow the Debtor to prove damages and notice was sent to the Defendant.

At the hearing on damages, the Debtor testified as to her actual damages which consisted of the five $31.00 insufficient funds charges (four on her account and one on her mother's account), the loss of eight hours of work at $20.00 per hour at her prior job, and the loss of eight hours of work for the evidentiary hearing from her current job. The Debtor testified that she changed jobs and is now preparing income tax returns. She testified that, on average, she would see between five and ten clients a day and earn $175.00-$250.00 per client. Using these estimates, counsel for the Debtor suggested that the Court estimate lost wages at five clients averaging $210.00 per client for a total of $1,050.00. Counsel for the Debtor submitted that he spent 4.8 hours on this matter and that his normal hourly rate is $285.00 per hour. Counsel for the Debtor further submitted that he incurred $0.82 in expenses.

## CONCLUSIONS OF LAW

### A. Violation of the Automatic Stay

To provide for an orderly liquidation or reorganization, the Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). This automatic stay arises by operation of law at the moment the bankruptcy petition is filed regardless of whether affected parties have notice of the filing. 11 U.S.C. § 362(a). See also, e.g., Ford v. A.C. Loftin, et al., (In re Ford), 296 B.R. 537, 542 (Bankr. N.D. Ga. 2003).

The Defendant has not disputed that its actions, in issuing a garnishment post-petition, violated the automatic stay. The Defendant failed to appear at either hearing and failed to file a

response or answer. Therefore, having found that a violation of the automatic stay occurred, the Court is left only to determine whether the violation was willful and if an award of damages is appropriate.

### B. Damages

### 1. Actual Damages

Section 362(h) of the Bankruptcy Code provides "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A creditor acts with willfulness, for purpose of § 362, when he acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the stay. See In re Parker, 279 B.R. 596, 603 (Bankr. S.D. Ala. 2002). See also Jove Eng'g, Inc. v. I.R.S. (In re Jove), 92 F.3d 1539, 1555 (11th Cir. 1996) ("willfulness generally connotes intentional action taken with at least callous indifference for the consequences"). Where a creditor is provided actual notice of the bankruptcy, any violation of the stay must be presumed to be deliberate. Smith v. Homes Today, Inc, et al. (In re Smith), 296 B.R. 46, 55 (Bankr. M.D. Ala. 2003). The Defendant was sent a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* (doc. no. 8) on August 31, 2007. Despite receiving notice of the bankruptcy, the Defendant attempted to collect on a pre-petition debt post-petition without leave of the Court to do so.

Based on the foregoing, the Court finds the Defendant's conduct, after receiving written notice of the bankruptcy filing, constitutes a willful violation of 11 U.S.C. § 362(a)(3). The Debtor is therefore entitled to actual damages pursuant to 11 U.S.C. § 362(h). The Court finds that the Debtor suffered actual damages of $155.00 insufficient funds charges, and $1,210.00 in

lost wages. The Court also awards costs and attorneys' fees of $1,368.82 to the Debtor's attorney.

## 2. Punitive Damages

Section 362(h) also grants this Court discretion to award punitive damages in "appropriate circumstances." 11 U.S.C. § 362(h). Determining what constitutes "appropriate circumstances" is left to this Court's discretion. See Smith, 296 B.R. at 56.

The Defendant was listed and scheduled. Notice of the bankruptcy was sent to the Defendant and to the additional notice party Ingram & Associates. Despite this, the Defendant attempted to collect a pre-petition unsecured debt post-petition. The Defendant's unfamiliarity with the Bankruptcy Code, even if alleged, would not excuse his actions or his blatant disregard for the law.

Therefore, based on the foregoing, the Court finds the Debtor is entitled to punitive damages of $3,000.00. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that a **JUDGMENT** is hereby rendered against the Defendant in favor of the Plaintiff in the amount of $2,733.82 for actual damages and $3,000.00 for punitive damages.

Dated this the 15th day of February, 2008.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge